## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **LEISURE HOSPITALITY, INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 09-CV-272-GKF-PJC** |
| | ) | |
| **HUNT PROPERTIES, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Before the Court is Plaintiff Leisure Hospitality, Inc.'s ("LHI") Motion for Attorney Fees. [Dkt. No. 59].[1]  Plaintiff seeks $12,904.00 as a sanction for improper discovery conduct related to its Motion to Compel and Defendants' Motion to Stay Discovery.  This motion is **GRANTED IN PART AND DENIED IN PART.**

In addition, the Court has been referred the Application of Defendant SF Crossing Investors LTD for an Order Determining Entitlement to Attorney Fees and Costs.  [Dkt. No. 66].  This motion is **DENIED.**

### Background

This lawsuit arises from an agreement for the sale of certain commercial real property in Owasso, Oklahoma.[2]  LHI entered into the Agreement for the Purchase and Sale ("the Agreement") of land in the Smith Farm Marketplace to be used for the

---

[1]    This motion amends LHI's original motion for attorney fees [Dkt. No. 42] which is thereby rendered moot.

[2]    The case was filed in the District Court for Tulsa County, Oklahoma, (Case No. CJ-2008-07230), and then removed to this Court in May 2009 [Dkt. No. 2].

construction of a four-story hotel.  [Petition, ¶8].  Apparently at the time the Agreement was executed in January 2006, the property at issue was subject to covenants, easements and restrictions that precluded the property from being used for LHI's intended purpose.  These restrictions were matters of public record.  [*Id.*].  LHI initially sued Defendants for negligence on the theory that Defendants had undertaken a duty to convey the property free of all restrictions that would impair LHI's development of its planned hotel and that Defendants negligently failed to perform this duty.  On May 7, 2010, the District Court granted Defendants' Motion for Summary Judgment on this negligence claim but allowed LHI to amend its Complaint to assert a fraud claim.  [Dkt. No. 56].  The First Amended Complaint ("FAC"), asserting a claim for fraud, was filed May 12.  [Dkt. No. 58].  Presently pending is LHI's Motion to file a Second Amended Complaint alleging fraud, breach of contract and constructive fraud.  [Dkt. No. 78].

On July 29, 2009, Plaintiff served its Combined Interrogatories, Requests for Production of Documents and Requests for Admission on Defendant Hunt.  Hunt served its responses on Aug. 31, 2009.  Plaintiff contends that the responses were insufficient and that this only became clear on Nov. 12, 2009 when Defendants filed their Motion for Summary Judgment [Dkt. No. 20] with more than 300 pages of supporting exhibits.  On Feb. 24, 2010, Defendants filed a Motion to Stay Discovery Pending Determination of Defendants' Motion for Summary Judgment.  [Dkt. No. 41].  In March 2010, LHI filed its Motion to Compel and a Motion for Attorney Fees.  A hearing was held on April 29 and the Court denied Defendants' Motion to Stay Discovery and granted the Motion to Compel, ordering that discovery responses be

2

supplemented and non-electronic documents produced.  However, the Court stayed

production of documents in electronic format pending resolution of the Motion for

Summary Judgment.  [Dkt. No. 54].

On May 7, 2010, the District Court denied Plaintiff's Motion to Stay consideration

of the Motion for Summary Judgment under Rule 56(f), granted the Motion for

Summary Judgment, and gave LHI leave to amend to assert a fraud claim.  [Dkt. Nos.

56 & 67].  Thus, LHI's motion for attorney fees concerns discovery conduct related

solely to LHI's negligence claim – a claim that the Court found fatally flawed as a

matter of law.

### Legal Principles Applicable to Discovery Motions

The Federal Rules of Civil Procedure provide that where a motion to compel is

granted:

> [T]the court must, after giving an opportunity to be heard, require the
> party or deponent whose conduct necessitated the motion, the party or
> attorney advising that conduct, or both to pay the movant's reasonable
> expenses incurred in making the motion, including attorney's fees. But the
> court must not order this payment if:
>
> **(i)** the movant filed the motion before attempting in good faith to obtain
> the disclosure or discovery without court action;
>
> **(ii)** the opposing party's nondisclosure, response, or objection was
> substantially justified; or
>
> **(iii)** other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5).

A party who prevails on a motion to compel is presumptively awarded its

expenses, including reasonable attorney fees unless one of the three conditions set forth

in Rule 37(a)(5)(i)-(iii) is present.  *E.g.*, *Burlington Ins. Co. v. Okie Dokie, Inc.*, 368 F. Supp

2d 83, 91 (D.D.C. 2005) (sanctions unjust due to movant's "counterbalancing procedural

violations").

Generally, the fees and expenses awarded under Rule 37(a)(5) are limited to

those incurred either in making or opposing the motion to compel.  Steven S. Gensler,

Federal Rules of Civil Procedure: Rules and Commentary, vol. 1 at 663 [West 2010].  The

reasonableness of the fees and expenses is a question for the court.  *Id.*

### Discussion

**A.  LHI's Motion for Attorney Fees.**

The problems involved in initial discovery in this case can be demonstrated in

the following discovery request and response[3]:

> **REQUEST FOR PRODUCTION NO. 21:** Produce all documents,
> electronic data, or other materials <u>that contain or reflect</u> any statement
> <u>made or obtained by you, on your behalf, or by any other person or entity,</u>
> <u>concerning</u> (1) the ECR, (2) the First Amendment, (3) the Agreement, (4)
> the Second Amendment, (5) the Deed, (6) the Special Warranty Deed, (7)
> the Smith Farm Marketplace, or (8) the Investors Property, including,
> without limitation, electronic data in electronic form.

[Dkt. No. 42 at 16] (emphasis added).

Hunt's response stated:

> **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:** Defendant
> objects to this Request for the reason that it is vague and leaves unclear
> the intended scope of the documents or other items it seeks to have
> Defendant produce. Defendant further objects to the extent it call for

---

[3]    The discovery requests at issue were served on Defendant Hunt Properties, Inc.
("Hunt").  Thus, complaints about the discovery responses relate to Hunt only.
However, complaints about the sufficiency of Initial Disclosures relate to all
Defendants.

information that is not relevant or that is not reasonably calculated to lead to the discovery of admissible evidence. To the extent that this Request seeks to have Defendant search for and obtain information or documents that are stored electronically, Defendant objects to the Request as unduly burdensome and unduly expensive. Defendant further objects to this Request to the extent it seeks the production of information, documents or other items that are protected from discovery by the attorney-client privilege, work-product privilege or other applicable privilege or protection from discovery. <u>Subject to the foregoing general and specific objections, Defendant will produce non-objectionable, non-privileged, responsive documents, if any, at a mutually agreeable time and place to the extent that they are readily available and currently in nonelectronic format.</u>

[*Id.*] (emphasis added).

LHI's document request cited above asks for all documents "reflecting" any statement by any person or entity "concerning" eight different items. This phrasing is common throughout the discovery requests. Such "omnibus" phrases as "relating to," "referring to," or "concerning" have been held objectionable unless whatever follows that phrase is clearly and narrowly defined. *E.g.*, *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 197-98 (D.Kan. 1996) (omnibus phrases "often require the answering party to engage in mental gymnastics to determine what information may or may not be remotely responsive."); *Aikens v. Deluxe Financial Services, Inc.*, 217 F.R.D. 533, 538 & n.23 (D.Kan. 2003) (finding as overbroad requests using "the omnibus term 'relating to' or 'regarding' with respect to a general category or group of documents."). *See also Bradley v. Val-Mejias*, 2001 WL 1249339, *6 (D.Kan. Oct. 9, 2001) (use of phrase "pertaining to" often makes discovery request overly broad and unduly burdensome on its face.). In this instance, the request uses two such omnibus phrases. The Court noted at the April

29, 2010 hearing that this was problematic.  Fed. R. Civ. P. 34 requires that the party

seeking discovery describe what it is seeking with "reasonable particularity."

Hunt interposed a host of objections to the discovery requests, but then

proceeded to respond "[s]ubject to and without waiving the foregoing general and

specific objections."  [*See* Dkt. No.42-2].  As to nearly every request, Hunt both objected

*and* indicated documents would be produced subject to three limitations:

(1) Responsive documents will be produced *if any exist*;
(2) Responsive documents will be produced if they are *readily available*;
and
(3) Responsive documents will be produced if *currently in non-electronic
format.*

[Dkt. No. 42-2].

Between Dec. 22, 2009 and Feb. 24, 2010, the parties exchanged various letters

and met to try to resolve various discovery issues.  When these efforts failed, LHI filed

its Motion to Compel.  The briefing and exhibits submitted by the parties on the Motion

to Compel and the Motion for Attorney Fees now exceeds 500 pages.

While LHI's discovery requests are often imprecise and difficult to decipher,

Hunt's responses are clearly improper for several reasons.  The first problem is Hunt's

use of boilerplate general objections and specific objections throughout its responses.

While general objections are not prohibited *per se,* courts have held that failure to

discuss a general objection's applicability to a particular discovery request may be

deemed a waiver or result in such objection being overruled.  *E.g.*, *DL v. District of

Columbia*, 251 F.R.D. 38, 43 (D.D.C. 2008).  General objections are of little use if they are

not applied specifically to a particular discovery request.

A second problem here is that Hunt has failed to respond as required under the Rules.  Rule 34 states that the responding party must *either* state that the production will be permitted as requested *or* object and offer the reasons for the objection.  Fed. R. Civ. P. 34(b)(2)(B).[4]  Here, Hunt has attempted to both object *and* produce, but produce only "subject to and without waiving" its objections.  Rule 34 makes no provision for this sort of response.  A party may object to some or all of the requested discovery, but it must be clear whether the responding party is objecting or not and, if objecting, to what part of the request and on what specific grounds.  *See generally*, 8B Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure* § 2213 (3d ed. 2010).

A third problem is that the discovery response imposes limitations without foundation in either law or logic.  For example, what is one to make of Hunt's statement that it will produce responsive documents if they are "readily available"?  Such a limitation renders the discovery response meaningless.

Because of these problems, the Court noted at the hearing that these responses were improper and sanctionable.  Defendants were ordered to produce responsive documents; however, production of electronic documents was stayed pending the outcome of a hearing before the District Court on the Motion for Summary Judgment.

LHI now seeks $12,904 in attorney fees and expenses for bringing the Motion to Compel and responding to Defendants' Motion to Stay Discovery.

---

[4]     If a discovery request is only partially objectionable, the responding party must produce the unobjectionable documents.  *Johnson v. Kraft Foods North America, Inc.*, 238 F.R.D. 648, 660 (D. Kan. 2006).

Defendants contend that their actions in seeking to Stay Discovery and in opposition to LHI's Motion to Compel were substantially justified, and that, therefore, sanctions should not be awarded.

The gist of Defendants' Motion to Stay Discovery was that discovery was unnecessary because Plaintiff's negligence claim was fatally flawed as a matter of law. In light of the Court's ruling on May 7, 2010, denying Plaintiff's Rule 56(f) motion and granting Defendants' Motion for Summary Judgment the Court finds that Defendants' position on the Motion to Stay Discovery was substantially justified and does not merit an award of attorney fees.

However, as described above, Hunt's responses to LHI's discovery requests were improper and not substantially justified.  LHI prevailed on its motion to compel and thus is entitled to an award of reasonable fees and expenses.  LHI requests nearly $9,500.00 in this regard.[5]  The Court finds this sum unreasonable.  Hunt's discovery responses – refusing to produce documents unless "readily available", and refusing to produce any documents in electronic format – were improper on their face.  Following a good faith effort to resolve the matter, the matter was ripe to present to the Court.  The Court has considered two mitigating issues.  First, Hunt stated expressly that it would not produce documents in electronic format – that is, it did not try to conceal its opposition to electronic discovery.  Second, Hunt contended that the requested

---

[5]     Of LHI's total requested fees of $12,904.00, approximately $9,500 was attributed to the Motion to Compel and $3,404 was attributed to the Motion to Stay.

discovery was unnecessary because LHI's negligence claim was flawed as a matter of law – a contention that it argued successfully to the district court.

Under these circumstances, the Court assesses $2,500.00 as an award of attorney fees and expenses related to LHI's Motion to Compel.

B. **Defendants' Motion for Order Determining Entitlement to Fees**

Defendants contend that they are prevailing party on LHI's negligence claim due to the granting of their Motion for Summary Judgment, and, thus, are entitled to an award of attorney fees under the terms of the parties' contract.  The Court rejects this motion because there is no prevailing party at this stage of the litigation.   Under Oklahoma law a prevailing party is the party in whose favor a Judgment is rendered:

> There can be but one prevailing party in an action at law for the recovery of a money judgment.  It transpires frequently that in the verdict each party wins on some of the issues and as to such issues he prevails, but the party in whose favor the verdict compels a judgment is the prevailing party.  Each side may score, but the one with the most points at the end of the contest is the winner….

*Bilby v. Claremore Ambulance Rescue and Emergency*, 149 P.3d 1093, 1097 (Okla. Civ. App. 2006) (*quoting Quapaw Co. v. Varnell*, 566 P.2d 164, 167 (Okla. Civ. App. 1977)).

Defendants have scored some points thus far, but the contest is not yet over.  No Judgment has been entered.  Until that time, Defendants' request to be designated "prevailing party" is premature.  Accordingly, Defendants' Motion is **DENIED.**

*Summary*

LHI's Motion for Attorney Fees [Dkt. No. 59] is **GRANTED IN PART AND DENIED IN PART**, Hunt is assessed $2,500 as reasonable fees/expenses for LHI's Motion to Compel.

Defendants' Motion for Determination of Entitlement to Attorney Fees [Dkt. No. 66] is **DENIED**.

IT IS SO ORDERED, this 8th day of September 2010.

Paul J. Cleary
United States Magistrate Judge